1  Alecia Whitaker Winfield, Bar No. 209661
   awinfield@littler.com
2  JAMAR D. DAVIS, Bar No. 340949
   jddavis@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, California  90067.3107
5  Telephone:  310.553.0308
   Fax No.:    310.553.5583
6
7  Attorneys for Defendant
   THE GOODYEAR TIRE & RUBBER
   COMPANY
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  ARIN ESRAELIAN, as an individual,      Case No.
    and on behalf of all similarly situated
13  employees,                             **DEFENDANT'S NOTICE TO
                                           FEDERAL COURT OF REMOVAL**
14              Plaintiff,
                                           **[28 U.S.C. §§ 1332, 1441, 1446]**
15       v.

16  THE GOODYEAR TIRE & RUBBER
    COMPANY, and DOES 1-50, inclusive,
17                                         Complaint Filed December 8, 2021,
                                           (Los Angeles County Superior Court,
18              Defendants.                Case No.  21STCV44620)

19

20  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

21  **CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS**

22  **OF RECORD:**

23       **PLEASE TAKE NOTICE** that Defendant THE GOODYEAR TIRE &

24  RUBBER COMPANY ("Defendant" or "Goodyear") hereby removes the above-

25  entitled action to this Court from the Superior Court of the State of California for the

26  County of Los Angeles, to the United States District Court, Central District of

27  California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005),

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

NOTICE OF REMOVAL

1441(b), and 1446 on the following grounds[1]:

## I.   JURISDICTION AND VENUE ARE PROPER

1.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

2.    This action was filed in the Superior Court for the State of California, County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441, and 1446.

## II.   STATUS OF THE PLEADINGS

3.    On December 8, 2021, Plaintiff Arin Esraelian ("Plaintiff") commenced this action by filing a complaint in the Superior Court of California, County of Los Angeles entitled *Arin Esraelian v. The Goodyear Tire & Rubber Company; and Does 1 to 50*, designated as Case No. 21STCV44620 ("Complaint"). The Complaint alleges seven causes of action: (1) Failure to Pay All Wages, Including Minimum and Overtime Wages (Labor Code §§ 510 and 1194), (2) Failure to Provide Rest Periods (Labor Code §§ 226.7, 512), (3) Failure to Provide Meal Periods (Labor Code §§ 226.7, 512), (4) Failure to Timely Pay Wages at Separation (Labor Code §§ 201, 202, 203), (5) Failure

---

[1] "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014), *quoting* 28 U. S. C. §1446(a). "A statement 'short and plain' need not contain evidentiary submissions." *See id.* at 547.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

2                                          NOTICE OF REMOVAL

to Keep Accurate Payroll Records (Labor Code § 1174, 226(A), (E)), (6) Failure to Reimburse Employees for Necessary Business Expenditures (Labor Code § 2802(A)), and (7) Unfair Business Practices (Bus. Prof. Code § 17200, *et seq.*). A true and correct copy of the Complaint is attached to the Declaration of Alecia Whitaker Winfield ("Winfield Decl.") as Exhibit A pursuant to 28 U.S.C. §1446(a).

4.     On December 22, 2021, Defendant was served with the Complaint, along with copies of the Summons, Plaintiff's Notice of Labor Code Violations Pursuant to Labor Code Sections 2698 *et. seq.*, Alternative Dispute Resolution (ADR) Information Package, Voluntary Efficient Litigation Stipulations, Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, Civil Case Cover Sheet and Addendum, and Notice of Case Assignment, through Defendant's agent for service of process. Winfield Decl., Exh. B.

5.     Attached as Exhibits C, D, and E are the following documents also filed with the Los Angeles County Superior Court: Initial Status Conference Order and Minute Order re Initial Status Conference, Proof of Service of Summons and Complaint, and Notice of Minute Order and Initial Status Conference. Winfield Decl., Exhs. C-E.

6.     On January 19, 2022, Goodyear filed its state court answer to Plaintiff's Complaint.  Winfield Decl., Exh. F.

7.     To Defendant's knowledge, the documents hereto constitute all process, pleadings, and orders served upon Defendant or filed in the State Court action by Defendant. Winfield Decl., ¶ 6. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

III.   TIMELINESS OF REMOVAL AND NOTICE

8.     An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b);

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3                                    NOTICE OF REMOVAL

1   *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-

2   day removal period runs from the service of the summons and complaint).

3        9.   Plaintiff served Defendant on December 22, 2021. Thirty days from

4   December 22, 2021 is January 21, 2022. This Notice of Removal is timely filed. 28

5   U.S.C. § 1446(b); *see Fleming v. United Teacher Assocs. Ins. Co.*, 250 F. Supp. 2d 658,

6   660-661 (D.W. Va. 2003) (removal filed on 31 days timely when final day was a

7   holiday); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (same); *see also*

8   *Agavni Pogosyan v. U.S. Bank Trust National Association et a*l., 2015 WL 12696188 at

9   *2 (C.D. Cal. 2015) (same); *Williams v. Leonard*, 2003 WL 163183 *1 (N.D. Cal. 2003)

10  (same).[2]

11  **IV.   CAFA JURISDICTION**

12       10.  CAFA grants United States district courts original jurisdiction over:

13  (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class

14  is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs

15  is a citizen of a state different from any defendant; and (d) where the matter's amount

16  in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §

17  1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §

18  1446. As set forth below, this case meets each CAFA requirement for removal, and is

19  timely and properly removed by the filing of this Notice of Removal.

20       **A.   Plaintiff Filed a Class Action Under State Law**

21       11.  Plaintiff filed his action as a class action based on alleged violations of

22  California state law. (Complaint, ¶¶ 1-2.)

23       **B.   The Proposed Class Contains At Least 100 Members**

24       12.  Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not

25  apply to any class action where "the number of members of all proposed plaintiff classes

26  in the aggregate is less than 100."

27  ───────────────

28  [2] Regardless, arguably, the 30-day deadline under 28 U.S.C. §1146(b)(1) does not apply
    to removals under CAFA. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 123,
    125-126 (9th Cir. 2013).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4                                    NOTICE OF REMOVAL

13.    Plaintiff filed this action on behalf of seven putative sub-classes of current and former non-exempt employees of Defendant who were employed by Defendant from December 8, 2017 through the present. (Complaint, ¶ 36.)

14.    Based on a review of Defendant's records, Defendant employed approximately 1822 non-exempt employees from December 8, 2017 through the present. Declaration of Susan K. Buckley ("Buckley Decl."), ¶ 5. Accordingly, Defendant's internal records demonstrate that there are well over 100 putative class members in this matter.

**C.    Defendant Is Not a Governmental Entity**

15.    Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

16.    Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA. Buckley Decl., ¶ 2.

**D.    There Is Diversity Between At Least One Class Member and Defendant**

17.    "Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

18.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5

NOTICE OF REMOVAL

19.     For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

20.     While Plaintiff was employed by Defendant, he was a resident of California, and Defendant is informed and believes that Plaintiff is currently a resident and citizen of California. Defendant has thus established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7.

21.     For purposes of 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State [] by which it has been incorporated and of the State [] where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

22.     Defendant is a publicly traded corporation, and is incorporated under the laws of the State of Ohio, and is therefore, a citizen of Ohio. Buckley Decl., ¶ 2.

23.     Defendant's principal place of business is in Ohio. *Id.* at ¶ 3. To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92–93. Defendant maintains its

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

6

NOTICE OF REMOVAL

1  principal place of business in Ohio, where its executive and administrative offices are

2  located, and where the majority of its executive and administrative functions are

3  performed. Buckley Decl., ¶ 3. Defendant's principal place of business is where its

4  officers direct, control and coordinate its activities. *See Hertz*, 559 U.S. at 92–93.

5      24.    The presence of Doe defendants in this case has no bearing on diversity

6  with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil

7  action is removable on the basis of the jurisdiction under section 1332(a) of this title,

8  the citizenship of defendants sued under fictitious names shall be disregarded.").

9      25.    Accordingly, the named Plaintiff is a citizen of a state (California) different

10  from Defendant (Ohio), and diversity exists for purposes of CAFA jurisdiction. *See* 28

11  U.S.C. §§ 1332(d)(2)(A), 1453.

12      **E.**    **The Amount In Controversy Exceeds $5,000,000[3]**

13      26.    This Court has jurisdiction under the CAFA, which authorizes the removal

14  of class actions in which, among the other factors mentioned above, the amount in

15  controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The

16  claims of the individual class members shall be aggregated to determine whether the

17  matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

18      27.    The removal statute requires that a defendant seeking to remove a case to

19  federal court must file a notice "containing a short and plain statement of the grounds

20  for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin*

21  *Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified

22  in §1446(a), a defendant's notice of removal need include only a plausible allegation

23  that the amount in controversy exceeds the jurisdictional threshold." The defendant's

24  "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-

25

26

27
   [3] The alleged damages calculations contained herein are for purposes of removal only.
Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever

28  and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7

NOTICE OF REMOVAL

1    controversy allegation is accepted when a plaintiff invokes federal court jurisdiction.

2    *Id*. at 553.

3          28.    Defendant denies the validity and merit of the entirety of Plaintiff's alleged

4    claims, the legal theories upon which they are ostensibly based, and the alleged claims

5    for monetary and other relief that flow therefrom. For purposes of removal only,

6    however, and without conceding that Plaintiff or the putative class are entitled to any

7    damages or penalties whatsoever, it is readily apparent that the aggregated claims of the

8    putative class establishes, by a preponderance of evidence, that the amount in

9    controversy well exceeds the jurisdiction minimum of $5,000,000. *See Lewis v. Verizon*

10   *Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is

11   simply an estimate of the total amount in dispute, not a prospective assessment of

12   [D]efendant's liability"); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d

13   1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on

14   its own investigation, that a case is removable.").

15         29.    For purposes of determining whether a defendant has satisfied the amount

16   in controversy requirement, the Court must presume that the plaintiff will prevail on

17   their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d

18   993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th

19   Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff

20   prevails on liability."). The ultimate inquiry is what amount is put "in controversy" by

21   a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt.*

22   *Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.*

23   775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is

24   persuaded the amount in controversy exceeds $5,000,000, defendants are still free to

25   challenge the actual amount of damages at trial because they are only estimating the

26   amount in controversy).

27         30.    Here, Plaintiff does not allege the amount in controversy in the Complaint,

28   though he alleges "practices and policies" by Defendant that purportedly deprived class

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8                                NOTICE OF REMOVAL

1    members of wages. (Complaint, ¶¶ 20, 22-23, 26.)  He further alleges Defendant

2    allegedly, engaged in "unlawful practices and policies against its employees."

3    (Complaint, ¶ 26.)

4         31.    As discussed above, Plaintiff filed his Complaint on December 8, 2021,

5    and he alleges claims for failure to pay minimum wages and overtime, failure to provide

6    meal and rest periods, waiting time penalties, failure to keep inaccurate payroll records,

7    failure to reimburse for necessary business expenditures, and claims under the Unfair

8    Competition Law ("UCL"). (Complaint, ¶¶ 46-99.)

9         **1.    Amount in Controversy – Plaintiff's Waiting Time Penalties**

10            **Claim (Labor Code § 203)**

11        32.    In his Fourth Cause of Action, Plaintiff seeks waiting time penalties

12   pursuant to California Labor Code sections 201-203. (Complaint, ¶¶ 73-75.) The statute

13   of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three

14   years. *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010) ("no one disputes

15   that when an employee sues to recover both unpaid final wages and the resulting section

16   203 penalties, the suit is governed by the same three-year limitations period that would

17   apply had the employee sued to recover only the unpaid wages").

18        33.    The Labor Code's penalty for failure to pay wages at termination is up to

19   30 days' wages for each employee. Cal. Labor Code § 203(a).

20        34.    For purposes of removal only, based on a review of its records, at least 807

21   employees have separated from Defendant's employment since December 8, 2018.

22   Buckley Decl., ¶ 6. The average pay rate for employees who separated from Defendant

23   since December 8, 2018 is $16.66. *Id.* Therefore, the amount in controversy for

24   Plaintiff's waiting time penalties claim in his Fourth Cause of Action is approximately

25   **$3,226,708.80** (807 employees * 8 hours * 30 days * $16.66 average rate of pay).

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

9

**2.      Amount in Controversy – Plaintiff's Claim for Inaccurate Wage Statements (Labor Code § 226)**

35.     In his Fifth Cause of Action, Plaintiff alleges that Defendant, "willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff class," and thus failed to keep accurate payroll records. (Complaint, ¶¶ 80-81.)

36.     Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. CAL. LABOR CODE § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. CAL. CODE CIV. PROC. § 340.

37.     Defendant denies the validity and merit of Plaintiff's wage statement claim.   For purposes of removal only, based on a review of its records, Defendant has employed at least 859 non-exempt employees since December 8, 2020, for 26,359 pay periods. Buckley Decl., ¶ 7.. Therefore, the average number of pay periods per employee is more than 30 pay periods (26,359 pay periods/859 employees), and the resulting average penalties per employee are $2,950 ([$50 * 1] + [$100 * 29]). Multiplying that number by the 859 employees at issue equals **$2,534,050.00.**

**3.      Amount in Controversy – Plaintiff's Claim for Attorneys' Fees**

38.     Finally, Plaintiff seeks attorneys' fees and costs in his Complaint. (Complaint, Prayer for Relief ¶ 9.) Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10

NOTICE OF REMOVAL

mandatory or discretionary language, such fees may be included in the amount in controversy.").

39.    In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

40.    The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

41.    Based on the above, the amount in controversy for failure to pay wages at termination and wage statement penalties, which does not consider Plaintiff's claims for Defendant's purported failure to pay minimum wage and overtime, failure to provide meal and rest breaks, and failure to reimburse business expenses, is conservatively **$5,760,758.80**. This subtotal exceeds $5,000,000 absent any inclusion of attorneys' fees. However, considering attorneys' fees at the benchmark percentage of 25 percent

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL

further increases the amount in controversy by $1,440,189.70, a total amount in controversy of **$7,200,948.50**.

### F.    Amount in Controversy – Summary

42.    As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for failure to pay wages at time of termination, wage statement penalties, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2). Notably, as discussed above, this estimate does not account for the unpaid overtime wages that Plaintiff contends that he and the putative class members are owed in his First Cause of Action, nor does it include any other damages or restitution that Defendant may be ordered to pay pursuant to Plaintiff's UCL claim (Third Cause of Action). Figuring those claims into the equation further reinforces that the amount in controversy exceeds $5 million.

43.    Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

| Plaintiffs' Alleged Claim | Amount in Controversy Conservative Estimate |
| --- | --- |
| Waiting Time Penalties in Fourth Cause of Action | $3,226,708.80 |
| Inaccurate Wage Statements | $2,534,050.00 |
| Attorneys' Fees | $1,440,189.70 |
| **Amount in Controversy** | **$7,200,948.50** |

## V.    NOTICE TO THE COURT AND PARTIES

44.    Contemporaneously with the filing of this notice of removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the notice of removal will be filed with the clerk of the court for the Superior Court of the County of Los Angeles. Winfield Decl., ¶ 7.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12

NOTICE OF REMOVAL

1    WHERFORE, Defendant hereby removes this action from the Superior Court of

2  the State of California, County of Los Angeles, to the United States District Court for

3  the Central District of California.

4

5  Dated:        January 20, 2022

6                                                        LITTLER MENDELSON, P.C.

7

8                                                        */s/ Alecia W. Winfield*
                                                         Alecia Whitaker Winfield

9

10                                                       Attorneys for Defendant
                                                         THE GOODYEAR TIRE & RUBBER
                                                         COMPANY

11

12  4878-9007-6424.2 / 056530-1322

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13                        NOTICE OF REMOVAL