Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Elihu Berle

Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2021 08:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
John A. Young, Esq. (SBN: 299809)
jyoung@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, California 90802
Telephone: (562) 590-5550 / Facsimile: (562) 590-8400

Janelle Carney (SBN: 201570)
janelle@janellecarneylaw.com
**JANELLE CARNEY – ATTORNEY AT LAW, APC**
14758 Pipeline Ave., Suite E, Chino Hills, CA 91709
Telephone: (909) 521-9609 / Facsimile: (909) 393-0471

Attorneys for Plaintiff ARIN ESRAELIAN, as an individual, and on behalf of all employees similarly situated,

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ARIN ESRAELIAN, as an individual, and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 21STCV44620<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Failure to Pay All Wages, Including Minimum and Overtime Wages (Labor Code §§ 510, 1194);<br>2. Failure to Provide Rest Periods (Labor Code §§ 226.7, 512);<br>3. Failure to Provide Meal Periods (Labor Code §§ 226.7, 512);<br>4. Failure to Timely Pay Wages at Separation (Labor Code §§ 201, 202, 203);<br>5. Failure to Keep Accurate Payroll Records (Labor Code § 1174, 226 (A), (E));<br>6. Failure to Reimburse Employees for Necessary Business Expenditures (Labor Code § 2802(A)); and<br>7. Unfair Business Practices (Bus. Prof. Code §§ 17200 et. seq.).<br><br>**DEMAND FOR JURY TRIAL** |

CLASS COMPLAINT FOR DAMAGES

Plaintiff ARIN ESRAELIAN ("Plaintiff") on behalf of himself and all others similarly situated, complains and alleges on information and belief, as follows:

## **INTRODUCTION**

1.      This is a class action brought on behalf of Plaintiff and the class he seeks to represent ("Plaintiff Class") pursuant to California Code of Civil Procedure section 382. Plaintiff Class consists of all non-exempt, hourly-paid employees currently and/or formerly employed by Defendant THE GOODYEAR TIRE & RUBBER COMPANY ("Defendant") in California, during the Class Period. The term "Class Period" is defined as four (4) years prior to the filing of this complaint through the date of certification. Plaintiff reserves the right to amend this complaint to reflect a different "Class Period" or "Plaintiff Class" as further discovery is conducted.

2.      Plaintiff individually and on behalf of the class he seeks to represent, seeks relief against Defendant for Defendant's practices of violating the applicable wage orders, the applicable Code of Regulations, and California Labor Codes, including: (1) failure to pay all wages, including minimum wages and overtime wages at the correct regular rate; (2) failure to provide rest periods or payments for missed rest periods at the correct regular rate; (3) failure to provide meal periods or payment for missed meals at the correct regular rate; (4) failure to timely pay wages at separation; (5) failure to keep accurate payroll records; (6) failure to reimburse employees for necessary business expenditures; and (7) unfair business practices as set forth more fully herein. These violations concern current and past employees of Defendant.

3.      At all relevant times herein, Defendant has consistently maintained and enforced against Plaintiff and the Plaintiff Class the following unlawful policies and practices: (a) willfully refusing to pay Plaintiff and Plaintiff Class for all hours worked, including minimum wages; (b) willfully refusing to include non-discretionary bonus payments, and other incentive compensation, including commissions, in the regular rate calculation for overtime purposes; (c) willfully refusing to permit Plaintiff and Plaintiff Class from taking meal and/or rest periods; (d) willfully refusing to compensate Plaintiff and certain members of the Plaintiff Class all wages due and owing at the time Plaintiff and Plaintiff Class' employment with Defendant ended; (e) willfully refusing to furnish to Plaintiff and Plaintiff Class with accurate itemized wage statements

1  upon payment of wages; and (f) willfully refusing to reimburse Plaintiff and Plaintiff Class for
2  necessary business expenditures.

3      4.    Plaintiff brings this lawsuit seeking injunctive, restitution, and monetary relief
4  against Defendant, and each of them, on behalf of Plaintiff, individually, and on behalf of all
5  aggrieved and similarly-situated employees to recover, among other things, unpaid wages and
6  benefits, interest, penalties, liquidated damages, attorney's fees, and costs pursuant to California
7  Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 226, subdivision (a), 226.3, 226.7,
8  510, 512, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and 2802, California Code of Civil
9  Procedure 1021.5, and provisions of the applicable IWC Wage Order. Plaintiff reserves the right
10 to name additional representatives throughout the State of California.

**JURISDICTION AND VENUE**

12     5.    Venue is proper in this judicial district and the County of Los Angeles, pursuant
13 to Code of Civil Procedure section 395, because Defendant maintains its office location and
14 transacts business in this county, the obligations and liability arise in this county, and work was
15 performed by Plaintiff and Plaintiff Class made the subject of this action in the County of Los
16 Angeles.

17     6.    Defendant employed Plaintiff and numerous Class Members within the State of
18 California and the unlawful acts alleged herein have a direct effect on Plaintiff and the Class
19 Members.

20     7.    The California Superior Court has jurisdiction in the matter because the individual
21 claims are under the seventy-five thousand dollar ($75,000.00) individual jurisdictional threshold
22 and the five million dollar ($5,000,000.00) aggregate jurisdictional threshold for federal court
23 and, upon information and belief, Plaintiff and Defendant are residents of and/or domiciled in the
24 State of California. Further, there is no federal question at issue as the issues herein is based solely
25 on California Statutes and law including the California Labor Code, Industrial Welfare
26 Commission Wage Orders, Code of Civil Procedure, Rule of Court, and Business and Professions
27 Code. Thus, the above-entitled court maintains appropriate jurisdiction to hear this matter.
28 / / /

CLASS COMPLAINT FOR DAMAGES

## ADMINISTRATIVE PREREQUISITE

8.     On November 18, 2021, Plaintiff gave written notice by electronically filing the notice with the Labor Workforce Development Agency ("LWDA") (LWDA Case No. LWDA-CM-852749-21), and by certified mail to Defendant of the specified provisions alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code section 2699.3. A true and correct copy of Plaintiff's letter sent to the LWDA and Defendant, dated November 18, 2021, is attached hereto as Exhibit A. As of the filing of this complaint, the LWDA has not responded.

9.     Under Labor Code section 2699.3, subdivision (a), a plaintiff may bring a cause of action under PAGA only after giving notice to the Labor Workforce Development Agency ("LWDA") and the employer of the Labor Code sections alleged to have been violated, and after receiving notice from the LWDA of its intention not to investigate, or after 65 days have passed without notice.

10.    Plaintiff intends to amend his complaint upon the expiration of the 65-day period for the LWDA to provide notice of its intent to investigate Plaintiff's claims, if the LWDA fails to provide notice. Under Labor Code section 2699.3, subdivision (a)(2)(C), "Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

## THE PARTIES

**Plaintiff**

11.    Plaintiff was employed by the Defendant from in or around January 30, 2009 through in or around December 31, 2020. At all relevant times herein, Plaintiff was employed by Defendant in a non-exempt hourly position, and was entitled to compensation for all hours worked, including but not limited to minimum wage and overtime wages, as well as the aforementioned penalties from Defendant.

///

///

- 4 -
CLASS COMPLAINT FOR DAMAGES

**Defendants**

12.     Plaintiff is informed and believes, and based thereon alleges, that Defendant manufactures and sells tires throughout the state of California. On information and belief, and based thereon, Plaintiff alleges that Defendant is conducting business in good standing in California, at all times herein mentioned, has regularly conducted business throughout the State of California.

13.     On information and belief, Defendant is, and was, the employer for Plaintiff and Plaintiff Class.

14.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief alleges that said Defendants are legally responsible for the payment of wages, and the payment of rest and meal period compensation, to Plaintiff and Plaintiff Class by virtue of their unlawful practices, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

15.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and Plaintiff Class.

16.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also alleges the acts of each Defendant are legally attributable to the other Defendants.

17.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants sued herein was, at all relevant times, the employer, owner, shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other Defendants. The above co-Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

## **GENERAL ALLEGATIONS**

18.     Plaintiff and the Plaintiff Class are, and at all times relevant herein have been, non-exempt employees within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders.

19.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's policies and practices described herein are common across each of Defendant's job sites within the state of California.

20.     Plaintiff is informed and believes, and based thereon alleges, that Defendant instituted a policy and practice against its employees wherein minimum wages and overtime wages due were not paid in compliance with California law. Specifically, Defendant failed to compensate Plaintiff and Plaintiff Class for time spent donning and doffing Defendant's required work uniform. Plaintiff and Plaintiff Class were required to be dressed in their uniform prior to clocking in for their shift, and were required to be dressed in their uniform at the time they clocked out for their shift. Thus, time spent donning and doffing Defendant's required work uniform was performed without compensation for their time and in violation of the Labor Code. Defendant instituted a practice of failing to record all hours that Plaintiff and Plaintiff Class worked for donning and doffing their uniform in an effort to cut costs and gain an unfair advantage over the similar businesses thus harming Plaintiff and Plaintiff Class.

21.     In addition, Defendant failed to compensate Plaintiff and certain members of the Plaintiff Class for time painting Defendant's facilities in violation of the Labor Code.

22.     Plaintiff is informed and believes and based thereon alleges that Defendant instituted a policy and practice against its employees wherein Defendant failed to include all remuneration paid to all hourly non-exempt employees when calculating Plaintiff's and Plaintiff Class' regular rate for purposes of overtime rate of pay. Specifically, Defendant paid hourly non-exempt employee's non-discretionary bonuses and incentive compensation and failed to include this compensation when calculating Plaintiff's and Plaintiff Class' regular rate for purposes of overtime rate of pay and meal and rest period premium pay.

23.     As a matter of policy and/or practice, Defendant's compensation scheme failed to pay Plaintiff and Plaintiff Class their minimum and overtime wages due to the aforementioned off-the-clock work and failure to include all renumeration in their regular rate for purposes of calculating overtime pay and meal and rest period premium pay. The failure to pay Plaintiff Class minimum and overtime wages for each hour worked violates, among others, Labor Code sections 1194, 1197, IWC Wage Order(s), and the UCL

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendant was required to provide Plaintiff and Plaintiff Class with a work-free, thirty (30) minute meal period within the first five (5) hours of a shift for workdays in excess of six (6) hours, and a second thirty (30) minute meal period within the tenth hour of a shift for workdays in excess of ten (10) hours, in compliance with Labor Code section 512. Defendant routinely denied Plaintiff and Plaintiff Class a full, thirty (30) minute off-duty meal period when they worked in excess of six (6) hours within the first five (5) hours of their shifts. On information and belief, neither Plaintiff nor Plaintiff Class waived their lawful meal periods or received compensation from Defendant for their missed meal periods.

25.     Additionally, Defendant was obligated to provide Plaintiff and Plaintiff Class with a ten (10) minute rest break for every four (4) hours, or major fraction thereof, worked each day. Defendant prevented Plaintiff and Plaintiff Class from taking rest breaks throughout their shifts in order to complete its jobs more quickly.

/ / /

/ / /

26. For at least four years prior to the filing of this action and through to the present, Plaintiff alleges that Defendant consistently maintained and enforced the following unlawful practices and policies against its employees, in violation of California state wage and hour laws.

    a. Defendant had a consistent policy of not paying Plaintiff and Plaintiff Class for all hours worked;

    b. Defendant had a consistent policy of requiring Plaintiff Class within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided, all in violation of, among others, Labor Code sections 201, 202, 226.7, 512, and applicable Industrial Welfare Commission Wage Orders, in one or more of the following manners;

        i. employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period;"

        ii. employees were restricted in their ability to take a meal period; and

        iii. employees were not allowed to leave the workplace during the alleged meal periods.

    c. Defendant had a consistent policy of failing to provide Plaintiff Class within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws, in one or more of the following manners:

        i. employees were required to work without being provided a minimum ten-minute rest period for every four hours, or major fraction thereof, worked and were not compensated with one hour of pay at their regular rate of pay for each workday that a rest period was not provided; and

CLASS COMPLAINT FOR DAMAGES

ii.   employees were neither permitted nor authorized to take lawful rest periods or leave the premises for rest periods when allegedly authorized

d.   With respect to the Plaintiff Class who either were discharged, laid off, or resigned, Defendant failed to pay them in accordance with the requirements of Labor Code sections 201, 202, and 203;

e.   Defendant failed to institute policies and procedures that ensured accurate recording of all hours Plaintiff and Plaintiff Class worked during the class period;

f.   Defendant instituted policies and procedures that offset the necessary costs of doing business on its employees. Plaintiff and Plaintiff class were required to wash and maintain uniforms with Defendant's logo. Defendant failed to reimburse Plaintiff and Plaintiff's Class for the cost of washing and maintaining Defendant's required uniform, cost of using their personal vehicle and cell phone. Defendant required Plaintiff and Plaintiff class to take on the burden of these expenses without reimbursement in violation of Labor Code section 2802.

27.   Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully failed to pay Plaintiff Class all wages earned, including minimum and overtime wage and compensation for missed meal and rest periods, in a timely manner upon or after termination of their employment with Defendant.

28.   Plaintiff is informed and believes, and based thereon alleges, that Defendant currently employs, and during the relevant liability period has employed hundreds of employees in the State of California in non-exempt positions.

29.   At relevant times herein, Plaintiff and the Plaintiff Class were employed by Defendant in non-exempt hourly positions.

30.   On information and belief, Plaintiff alleges that Defendant's actions as described throughout this complaint were willful.

31.     On information and belief, Plaintiff alleges that Defendant willfully failed to pay the legal wages, including minimum and overtime wage, failed to provide legal rest and meal periods, and willfully failed to pay one hour's wages in lieu of rest and meal periods, when each such employee quit or was discharged.

32.     Plaintiff, on behalf of himself and all other Plaintiff Class, brings this action pursuant to Labor Code sections 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.7, 510, 512, 1194, 1197, and 2802, California Business and Professions Code section 17200 et seq., and Code of Regulations, Title 8, section 11000 et seq., seeking unpaid wages, unpaid rest and meal period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

33.     Defendant has made it difficult to account with precision for the unlawfully withheld wages for time spent donning and doffing their uniform and meal and rest period compensation owed to Defendant's non-exempt employees, including Plaintiff, during the liability period, because it did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code sections 226, 1174(d), and section 7 of the California Wage Orders. Defendant has failed to comply with Labor Code section 226, subdivision (a) by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the Plaintiff Class. Plaintiff and Plaintiff Class are therefore entitled to penalties not to exceed four thousand dollars ($4,000.00) for each employee pursuant to Labor Code section 226, subdivision (b).

34.     Defendant has failed to comply with section 7 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code section 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Plaintiff Class.

35.     Plaintiff, on behalf of himself and Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this complaint.

CLASS COMPLAINT FOR DAMAGES

**CLASS ALLEGATIONS**

36.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent Classes composed of and defined as follows:

a.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees, and who, within the four years of the filing of this class action complaint to the present, who work, have worked, and/or have separated their employment from Defendant as non-exempt employees that were not paid their full and complete wages as a result of Defendant's failure to pay minimum and overtime wages, and were subject to Defendant's practice and procedure of donning and doffing their uniform off-the-clock;

b.  All persons who are employed or have been employed by Defendant in the State of California, and who, within the four years prior to the filing of this complaint to the present, have worked as a non-exempt employee and were not paid all wages owed, including, but not limited to, the legally requisite overtime rate or meal and rest period premiums at the correct regular rate;

c.  All persons who are employed or have been employed by Defendant as non-exempt, hourly-paid employees who, within the four years prior to the filing of this Class Action Complaint to the present, have worked as non-exempt employees and have not been provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one hour's pay at the employees' regular rate for each day on which such meal period was not provided;

d.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees, and who, within the four years prior to the filing of this Class Action Complaint to the present, have worked as non-exempt employees and have not been provided a rest period for

- 11 -

CLASS COMPLAINT FOR DAMAGES

every four hours or major fraction thereof worked per day, and were not provided compensation of one hour's pay at the employees' regular rate for each day on which such rest period was not provided;

e.  All persons who have been employed by Defendant in the State of California as non-exempt, hourly-paid employees who, within the three years prior to the filing of this Class Action Complaint to the present, separated their employment from Defendant and have not been paid wages pursuant to Labor Code section 203 and are owed restitution for waiting time penalties deriving from such wages;

f.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees, and who, within the one year prior to the filing of this class action complaint to the present, have worked as non-exempt employees and were not provided an accurate payroll record as required under Labor Code section 226 and Labor Code section 1174;

g.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt, hourly-paid employees, and who, within the four years of the filing of this Class Action Complaint to the present, have worked and were not reimbursed for necessary business expenditures incurred as a result of performing their work for Defendants pursuant to Labor Code section 2802.

37.  Plaintiff reserves the right under rule 3.764 of the California Rules of Court, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

38.  This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

/ / /

- 12 -

### A.      Numerosity

39.      The potential members of each Class defined herein are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Plaintiff Class has not been determined at this time, Plaintiff is informed and believes that Defendant currently employs, and during the relevant time period employed, at least 100 employees worked in hourly positions as Defendant's non-exempt employees in California, who are or have been affected by Defendant's unlawful practices as alleged herein.

40.      Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiff alleges Defendant's employment records would provide information as to the number and location of all employees within the Plaintiff Class. Joinder of all members of the proposed Classes is not practicable.

### B.      Commonality

41.      Common questions of law and fact predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

      a.   Whether Plaintiff and Plaintiff Class are entitled to wages from Defendant under applicable IWC Wage Orders, regulations and statutes for hours worked but not paid;

      b.   Whether Defendant violated Labor Code sections 226.7 and 512, section 10 of the IWC Wage Orders, and Code of Regulations, Title 8, section 11000 et seq. by failing to provide a lawful meal period to non-exempt employees within the first five hours of their shifts on days they worked in excess of six (6) hours and by failing to compensate said employees one hour's wages in lieu of meal periods;

      c.   Whether Defendant violated Labor Code section 226.7, section 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et seq. by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and by failing to compensate said employees one hour's wages in lieu of rest periods;

d.  Whether Defendant violated sections 201, 202, and 203 of the Labor Code by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages due and owing at the time that any person in the Plaintiff Class employment with Defendant terminated, voluntarily or involuntarily;

e.  Whether Defendant failed to keep accurate payroll records and provide accurate itemized paystubs in violation of Labor Code section 1174, 226 (A), (E);

f.  Whether Defendant failed to Reimburse Employees for Necessary Business Expenditures in violation of Labor Code section 2802, subdivision (A);

g.  Whether Defendant violated section 17200 et seq. of the Business and Professions Code, Labor Code sections 201, 202, 203, 351, 226.7, 512, 1194, 1199, 1174, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

h.  Whether Plaintiff and Class Members are entitled to equitable relief pursuant to Business and Professions Code section 17200 et seq.

42.  Plaintiff's claims are typical of the claims of the Plaintiff Class. Plaintiff and the Plaintiff Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.  Adequacy of Representation**

43.  Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Counsel is competent and experienced in litigating employment class actions.

44.  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all each person in the Plaintiff Class is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class. Each member of the Plaintiff Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices alleged in the complaint.

45.  Class action treatment will allow those similarly situated persons to litigate their

claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### Failure to Pay All Wages

### (Plaintiff and Plaintiff Class Against All Defendants)

46.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

47.     Plaintiff alleges that, Defendant maintained, and has maintained throughout the Class Period, a consistent policy and practice of failing to pay wages, including overtime, and minimum wage due for hours actually worked.

48.     Plaintiff alleges that Defendant maintained, and has maintained throughout the Class Period, a consistent policy of failing to pay its employees for all hours worked. Specifically, Defendant maintained a policy of failing to record all hours Plaintiff and Plaintiff Class worked for time spent donning and doffing Defendant's uniform and painting Defendant's facilities.

49.     Defendant failed to include all remuneration paid to hourly non-exempt employees for non-discretionary bonuses, and other types of incentive compensation, which are not statutory exclusions, when calculating Plaintiff's and Plaintiff Class' regular rate for purposes of overtime rate of pay as well as meal and rest period premium pay.

50.     As a result of Defendant's unlawful acts, Plaintiff and Plaintiff Class have been deprived of regular wages, minimum wages, and compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 1194 and 1199.

51.     Defendant willfully violated the Labor Code with respect to meeting the requirements of paying all wages earned, including minimum wage, as alleged herein.

52.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, penalties, and liquidated damages to the

fullest extent permissible including those permitted pursuant to Labor Code sections 1194 and 1194.2 and Code of Civil Procedure section 1021.5 and/or any other statute.

53.     WHEREFORE, Plaintiff and Plaintiff Class request relief as described herein and below.

## SECOND CAUSE OF ACTION

### Failure to Provide Rest Periods

### (Plaintiff and Plaintiff Class Against All Defendants)

54.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

55.     Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

56.     Labor Code section 226.7, subdivision (b) provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided.

57.     Plaintiff alleges that during the class period, Defendant did not permit or authorize Plaintiff and Plaintiff Class to take timely or compliant rest periods. Defendant failed to adequately staffing employees to allow Plaintiff and Class Members an opportunity to be provided timely, lawful duty-free rest periods for every four hours of their shift or major fraction thereof. Further, Plaintiff and Plaintiff Class were required to remain on Defendant's premises and not free to leave Defendant's premises during the rest periods.

58.     At all times relevant hereto, Plaintiff and Plaintiff Class worked more than four (4) hours in a workday, and ten (10) hours in a workday at times.

59.     Plaintiff and Plaintiff Class did not voluntarily or willfully waive rest periods.

60.     Defendant further failed to implement a policy to pay Plaintiff and Plaintiff Class an additional hour of pay at their regular rate of pay for rest periods not authorized or permitted.

61.     By failing to keep adequate records as required by sections 226 and 1174, subdivision (d) of the Labor Code, Defendant has injured Plaintiff and Plaintiff Class and made

it difficult to calculate the unpaid rest period compensation (including wages, interest, and penalties thereon) due and owing to Plaintiff and Plaintiff Class.

62.     By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and Plaintiff Class, they have been deprived of compliant rest periods and/or premium wages in lieu thereof in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys fees, costs, to the fullest extent permissible under the Labor Code 226.7, applicable IWC Wage Orders, Code of Civil Procedure section 1021.5.

63.     WHEREFORE, Plaintiff and Class Members request relief as described herein and below. Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

## THIRD CAUSE OF ACTION

### Failure to Provide Meal Periods

### (Plaintiff and Plaintiff Class Against All Defendants)

64.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

65.     Labor Code sections 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of not less than thirty (30) minutes.

66.     Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

67.     Defendant maintains, and has maintained throughout the Class Period, a policy and practice of failing to provide lawful work-free meal periods to Plaintiff and Plaintiff Class, for the days on which non-exempt employees work periods in excess of six (6) hours and a second meal period on days which non-exempt employees work periods in excess of ten (10) hours. Plaintiff and Plaintiff Class were routinely denied the opportunity to be completely relieved of all

work duties for a 30-minute meal period as a result of Defendant's failure to provide adequate staffing. In fact, if Plaintiff and Class members were provided the opportunity to take a meal period, their meal periods were interrupted because they had to attend to task such attending to customers, answering phones, amongst other things. Further, Plaintiff and Plaintiff Class were required to remain on Defendant's premises and not free to leave Defendant's premises during the meal periods.  Defendant failed to provide Plaintiff and Plaintiff Class with compensation for their missed meal periods.

68.     Plaintiff and Plaintiff Class did not voluntarily or willfully waive meal periods.

69.     At all times relevant hereto, the Defendant, failed to provide Plaintiff and Plaintiff Class similarly a compliant duty-free meal period as required by Labor Code sections 226.7 and 512.

70.     By virtue of the Defendant's unlawful failure to provide meal periods to Plaintiff and Plaintiff Class, Plaintiff and the Plaintiff Class have been deprived of compliant meal periods and/or premium wages in lieu thereof in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys fees, costs, to the fullest extent permissible under the Labor Code sections 226.7 and 512, applicable IWC Wage Orders, Code of Civil Procedure section 1021.5, and/or any other statute.

71.     WHEREFORE, Plaintiff and Class Members request relief as described herein and below.

## FOURTH CAUSE OF ACTION

### Failure to Timely Pay Wages at Separation

### (Plaintiff and Plaintiff Class Against All Defendants)

72.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

73.     During the relevant time period, Plaintiff and formerly employed members of the Plaintiff Class resigned or were terminated from their positions with Defendant. Defendant, however, willfully did not pay Plaintiff and Plaintiff Class all wages which were due them upon their separation of employment immediately upon termination or within seventy-two (72) hours

of their resignation as required by Labor Code section 202, subdivision (a). Defendant failed to pay Plaintiff and Plaintiff Class all minimum wages due which were earned throughout their employment. Defendant also failed to pay premium wages for times Plaintiff and Class Members were not provided meal and/or rest breaks.

74.     Under Labor Code sections 201, 202, and 203, Plaintiff and Plaintiff Class are entitled to waiting time penalties for not having been paid all wages due them upon their separation from employment.

75.     Plaintiff and Plaintiff Class who terminated employment within four years of the filing of the original Complaint until the date of entry of judgment, without being paid the proper payments are entitled to thirty (30) days of pay at their regular rate of pay as waiting time penalties.

76.     WHEREFORE, Plaintiff and the Plaintiff Class request relief as described herein and below.

## FIFTH CAUSE OF ACTION

### Failure to Keep Accurate Payroll Records

### (Plaintiff and Plaintiff Class Against All Defendants)

77.     Plaintiff incorporates by reference and realleges all previous paragraphs of this complaint as though fully set forth herein.

78.     Labor Code section 1174, subdivision (d), requires an employer to keep at a central location in California or at the plant or establishment at which the employee is employed, payroll records showing the hours worked daily, and the wages paid to, each employee. Labor Code section 226, subdivision (a) requires an employer to provide employees—either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash—an accurate itemized wage statement in writing.

79.     Labor Code section 226, subdivision (e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty

dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00). Plaintiff is informed and believes that Defendant willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class.

80. IWC Wage Orders require that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work periods, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff alleges that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically, Plaintiff believes that Defendant's records do not accurately reflect where Plaintiff and Plaintiff Class worked during their meal and/or rest breaks. Furthermore, Defendant's records do not reflect all hours worked, specifically the hours Plaintiff and Plaintiff Class were required to work off the clock for maintaining and donning and doffing Defendant's uniform.

81. Plaintiff is informed and believes that Defendant's failure to keep accurate payroll records, as described above, violated Labor Code sections 1174, subdivision (d) and 226, subdivision (a), and the applicable wage order.

82. Plaintiff is informed and believes that Defendant's failure to keep and maintain accurate records and information, as described above, was willful, and Plaintiff and the Plaintiff Class are entitled to statutory penalties pursuant to Labor Code sections 226 and 1174.5.

83. WHEREFORE, Plaintiff and Plaintiff Class request relief as described herein and below.

## SIXTH CAUSE OF ACTION

### Failure to Reimburse Employees for Necessary Business Expenditures

### (Plaintiff and Plaintiff Class Against All Defendants)

84. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

85. Under California Labor Code section 2802, subdivision (a), an employer is legally to reimburse its employees for necessary business expenditures incurred as a result of performing

- 20 -

CLASS COMPLAINT FOR DAMAGES

their work.

86.     California Labor Code section 2802 states, "An employer shall indemnify his or his employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or his duties…"

87.     Plaintiff and Plaintiff Class has incurred out-of-pocket losses because of Defendant's failure to reimburse Plaintiff and Plaintiff Class appropriately for all necessary uniform purchase and cleaning, use of personal vehicles and personal cell phone expenses that Plaintiff and Plaintiff Class incurred while performing work for Defendant. To date, Defendant has failed to indemnify Plaintiff and Plaintiff Class for all these out-of-pocket losses.

88.     Defendant knowingly, willingly and intentionally attempted to offset the cost of doing business on the Plaintiff and Plaintiff Class.

89.     Defendant has and or had a practice and policy of requiring Plaintiff and Plaintiff Class to shoulder the burden of Defendant's cost of doing business by failing to reimburse Plaintiff and Plaintiff Class for necessary business expenditures, specifically the cost to wash and maintain their work uniforms which contains Defendant's logo at their own expense. Plaintiff and the class had to wash their uniforms separate from their personal clothing because of their uniforms were heavily soiled as a result of carrying out their job duties. Defendant failed to reimburse Plaintiff and Plaintiff Class for the cost of washing and maintaining Defendant's uniform which is required in their employment. Defendant failed to reimbursement Plaintiff and the class for these expenditures incurred in carrying out their job duties by Plaintiff and the class under Defendant's policy.

90.     Further, Defendant has and or had a practice and policy of requiring Plaintiff and Plaintiff Class to shoulder the burden of Defendant's cost of doing business by failing to reimburse Plaintiff and Plaintiff Class for using their personal vehicles to transport supplies between Defendant's locations.  In addition, Defendant failed to reimburse personal cell phone expenses that Plaintiff and Plaintiff Class incurred while performing work for Defendant.

91.     Accordingly, Plaintiff and Plaintiff Class are entitled to an award of "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's

1   fees and interest.

2       92.    WHEREFORE, Plaintiff and the Plaintiff Class request relief as described herein

3   and below.

4   ### SEVENTH CAUSE OF ACTION

5   **Unfair Business Practices**

6   **(Plaintiff and Plaintiff Class Against All Defendants)**

7       93.    Plaintiff incorporates all previous paragraphs of this complaint as though fully set

8   forth herein.

9       94.    On information and belief, Plaintiff alleges that Defendant engaged in conduct and

10  maintained policies and practices that constitute false, fraudulent, unlawful, unfair, and deceptive

11  business practices in violation of Business and Professions Code section 17200 et seq. (hereinafter

12  the "Unfair Competition Law"). Plaintiff alleges that each of the following policies and practices

13  of Defendant violate the Unfair Competition Law:

14      a.  requiring employees to work in excess of six (6) hours per day without being

15        provided a lawful meal period, and failing to compensate such employees with

16        one hour of pay at their regular rate of compensation for each workday that a

17        meal period was not provided;

18      b.  requiring employees to work in excess of ten (10) hours per day without being

19        provided a lawful second meal period, and failing to compensate such

20        employees with one hour of pay at their regular rate of compensation for each

21        workday that a meal period was not provided;

22      c.  requiring employees to work without being provided a minimum ten-minute

23        rest period for every four (4) hours or major fraction thereof worked, and

24        failing to compensate such employees with one hour of pay at their regular rate

25        of compensation for each workday that a rest period was not provided;

26      d.  requiring employees to work without being provided a thirty-minute (30) duty

27        free lunch period with for every five (5) hours worked;

28      e.  for failing to institute policies and procedure that ensure accurate timekeeping

and accurate itemized paystubs to Plaintiff and Plaintiff Class;

 f. failing to pay all earned wages, including minimum and overtime wages, to Plaintiff and Plaintiff Class; and

 g. failing to reimburse Plaintiff and Plaintiff Class for necessary business expenses.

95. The actions of Defendant as alleged within this Complaint constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200 et seq.

96. Plaintiff and the Plaintiff Class are entitled to other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

97. As a result of its unlawful acts, Defendant has reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff and Plaintiff Class. Defendant should be required to restore to Plaintiff and Class Members the wrongfully withheld wages pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendant has been unjustly enriched through Defendant's unlawful, unfair, and fraudulent business practices as alleged throughout this Complaint. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and Plaintiff Class are prejudiced by Defendant's unfair trade practices.

98. As a direct and proximate result of Defendant's unfair business practices, Plaintiff, and Plaintiff Class are entitled to equitable including full restitution of all wages which have been unlawfully withheld from Plaintiff and Plaintiff Class as a result of the business acts and practices described herein.

99. WHEREFORE, Plaintiff and Plaintiff Class request relief as described herein and below and as deemed just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. That Plaintiff be appointed the representative of each proposed Class, as appropriate;

3. That the attorneys of record for Plaintiff whose name appears in this complaint be appointed class counsel;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. That Defendant be found to have engaged in unfair competition in violation of Business and Professions Code section 17200 *et seq.*;

7. That Defendant be ordered to make restitution to each Class due to its unfair competition, pursuant to Business and Professions Code sections 17203 and 17204;

8. For penalties to the extent permitted pursuant to the Labor Code, Orders of the Industrial Welfare Commission, including, but not limited to, waiting time penalties under Labor Code section 203, and penalties under Labor Code sections 226, subdivision (e), 226.3, 210, 226.7, and 1174.5;

9. For attorneys' fees, interest, and costs of suit under Labor Code sections 218.5, 1194 and other applicable provisions of law outside the Labor Code; and

10. For such other and further relief as the Court deems just and proper.

Dated: December 7, 2021                    **MAHONEY LAW GROUP, APC**

_____
Kevin Mahoney, Esq.
John A. Young, Esq.
Attorneys for Plaintiff ARIN ESRAELIAN and on behalf of all employees similarly situated

CLASS COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff Arin Esraelian hereby demands a jury trial on all issues so triable.

Dated: December 7, 2021

**MAHONEY LAW GROUP, APC**

_____

Kevin Mahoney, Esq.
John A. Young, Esq.
Attorneys for Plaintiff Arin Esraelian and on behalf
of all employees similarly situated

- 25 -

CLASS COMPLAINT FOR DAMAGES

# EXHIBIT A



**MAHONEY**
LAW GROUP, APC

John Young, Esq.
562.590.5550 phone
562.590.8400 facsimile
jyoung@mahoney-law.net

November 18, 2021

**VIA ONLINE SUBMISSION**
LABOR AND WORKFORCE DEVELOPMENT AGENCY
Attn: PAGA Administrator
https://dir.tfaforms.net/207

**VIA CERTIFIED MAIL** # *7019 0700 0001 7488 9005*
*Return Receipt Requested*
The Goodyear Tire & Rubber Company
200 Innovation Way
Akron, OH 44316

Re:     *Arin Esraelian v. The Goodyear Tire & Rubber Company*

**NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
LABOR CODE SECTION SECTIONS 2698 *et seq.***

To:     California Labor and Workforce Development Agency, The Goodyear Tire & Rubber
        Company

From:   Arin Esraelian on behalf of himself and aggrieved employees who were subject to The
        Goodyear Tire & Rubber Company's unlawful wage and hour policies as set forth below.

**Factual Statement**

Please note that this firm, Mahoney Law Group, APC, represents the interests of Mr. Arin
Esraelian ("Employee" or "Mr. Esraelian") as a representative for all other aggrieved employees,
who intends to file a complaint alleging various Labor Code violations and seeking civil penalties
under the Private Attorneys General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA").

Please be advised that this letter constitutes written notice required by Labor Code sections
2699.3, subdivision (a)(l) and 2699.3, subdivision (c)(l) and may lead to action against The
Goodyear Tire & Rubber Company ("Employer") in a court of law and/or administrative
proceedings, as well as the imposition of substantial penalties and other remedies against
Employer, and any and all related, parent, and/or alter ego companies, corporations, partnerships,
subsidiaries, and/or business entities, as well as against any and all officers, owners, directors,
managers, managing agents, or entities who are or may be liable under law for any of the violations
alleged herein.

LABOR AND WORKFORCE DEVELOPMENT AGENCY
November 18, 2021
Page 2 of 4

## Theories of Labor Code Violations and Remedies

Employer manufactures and sells tires throughout California. Employee worked for Employer as a non-exempt employee within the past year.

Employee alleges that Employer violated various sections of the Labor Code, including sections 201, 202, 203, 204, 206, 210, 226, 226.3, 226.7, 510, 512, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, and 2802, by failing to provide Employee and all other aggrieved employees all wages for all hours worked, including minimum and overtime wages, failed to provide meal and rest periods or compensation in lieu thereof, failing to provide accurate wage statements, failing to maintain accurate records of hours worked, failing to pay all compensation due upon separation of employment, and failing to reimburse Employee and all other aggrieved employees for work related expenses. Employee and similarly aggrieved employees consist of identifiable, current, and/or former similarly situated persons who worked for Employer as non-exempt employees during the PAGA Period defined as one year prior to the submission of this letter to the Labor Workforce and Development Agency ("LWDA") and certified mailing to Employer until resolution of these claims.

Employee and other aggrieved employees were regularly not compensated for all hours worked, including minimum wages as well as overtime wages, which is in violation of Labor Code sections 510, 1194, 1182.12, 1197 and is actionable under Labor Code section 2699.5. Employer's failed to pay Employee and other aggrieved employees the legally mandated wage rates for all hours Employee and other aggrieved employees worked. Employer failed to compensate Employee and other aggrieved employees during time which they were subject to the control of Employer, or suffered or permitted to work for Employer. Specifically, Employer failed to compensate Employee and other aggrieved employees for time spent donning and doffing Employer's required work uniform. Employee and other aggrieved employees were required to be dressed in their uniform prior to clocking in for their shift, and were required to be dressed in their uniform at the time they clocked out for their shift. Further, Employee required Employee and other aggrieved employees were required to paint Employer's facilities while off-the-clock. Accordingly, time spent donning and doffing Employer's uniform and painting Employer's facilities were performed without compensation for their time and in violation of Labor Code sections 510, 1194, 1182.12, 1197 and is actionable under Labor Code section 2699.5

Employee will further allege that Employer failed to include all remuneration when calculating his and other aggrieved employees' regular rate for purposes of compensating Employee and other aggrieved employees for her overtime under Labor Code Labor Code section 510. Specifically, Employer paid hourly non-exempt employees non-discretionary bonuses and incentive compensation and failed to include this compensation when calculating Employee's and other aggrieved employees' regular rate for purposes of overtime rate of pay. Employee will also allege that Employer violated Labor Code section 201 and 202, et seq., due to its uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages to all such former employees.

LABOR AND WORKFORCE DEVELOPMENT AGENCY
November 18, 2021
Page 3 of 4

Employer also failed to provide Employee and other aggrieved employees with timely uninterrupted meal and rest periods. Employer had a practice of failing to adequately staff employees to allow Employee and other aggrieved employees to be completely relieved of all of their work responsibilities while on their legally mandated meal or rest break. Further, Employer ordered that Employee and other aggrieved employees to attend to customers, amongst other regardless of whether an employee was on their break. Further, Employer failed to provide Employee and other aggrieved employees a second meal period for shifts worked in excess of ten hours. As a result of Employer's policy and practices, Employee and other aggrieved employees did not receive timely uninterrupted meal and rest periods and were not compensated with premium wages for non-compliant meal and/or rest periods. Employer's conduct is in violation of Labor Code sections 226.7 and 512, is also actionable under PAGA.

As a result of Employer's failure to pay all wages owed as described herein, Employer violated Labor Code sections 201, 202, 203, 204, 206, and 210 due to their uniform policy, practice, and procedure of failing to timely pay all of the above-mentioned wages earned during and after Employee and the aggrieved employees' employment with Employer.

Further, Employer required Employee and other aggrieved employees to wash and maintain their work uniforms which contains Employer's logo at their own expense. Employee alleges that he and his coworkers had to wash their uniforms separate form their personal clothing because of their uniforms were heavily soiled as a result of carrying out their job duties. Employer failed to reimburse Employee and other aggrieved employees for the cost of washing and maintaining Employer's uniform which is required as part of their employment. Employer failure to reimburse Employee and other aggrieved employees for the cost of washing and maintaining Employer's uniform is in violation of Labor Code section 2802 and therefore is actionable under PAGA. In addition, Employee and other aggrieved employees were also required to use their personal cellular phones to view their schedules, receive work-related text messages, calls, and/or emails, rely on their phone's GPS system for navigation while driving between Employer's locations for Employer. Employer did not reimburse them for a reasonable percentage of their cellular phone bills, in violation of PAGA. Lastly, Employer required Employee and other aggrieved employees to use their personal vehicle to drive to trainings and between Employer's locations to pick-up and deliver supplies. Employer did not reimburse Employee and other aggrieved employees for the aforementioned use of their personal vehicle, in violation of PAGA

In addition, Employer failed to maintain accurate payroll records and failed to provide Employee and other aggrieved employees with complete and accurate wage statements showing premium wages earned per pay period, among other things. This conduct is in violation of Labor Code sections 226, 226.3, 1174, and 1174.5 and is actionable under PAGA.

LABOR AND WORKFORCE DEVELOPMENT AGENCY
November 18, 2021
Page 4 of 4

Employee will bring his lawsuit on behalf of himself and all other aggrieved employees who were employed by Employer. Please advise if the LWDA has any objection to my client including PAGA claims in his complaint. We look forward to your response, and please feel free to contact our office if you have any questions, comments or concerns.

Sincerely,

John Young, Esq.
**MAHONEY LAW GROUP, APC**